UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COREY McRAE, SR.** #76939-004 | : | **DOCKET NO. 15-cv-2142** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **LORETTA LYNCH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Corey McRae ("McRae"). McRae is a prisoner in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

McRae pleaded guilty to conspiracy to possess with intent to distribute five or more grams of cocaine base. Doc. 1, p. 2. On October 12, 2006, he was sentenced to 188 months incarceration by the United States District Court for the Southern District of Florida. Doc. 1, pp. 1–2. McRae did not appeal his conviction. Doc. 1, p. 2.

On March 24, 2008, McRae filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. *See McRae v. United States*, 1:08-

cv-20750 (S.D. Fla. Aug. 28, 2008), doc. 1. The motion was denied as untimely. *Id.* at doc. 13. McRae filed a second § 2255 motion to vacate in the Southern District of Florida on December 23, 2011. *See McRae v. United States*, 1:11-cv-24617 (S.D. Fla. Jul. 26, 2012), doc. 1. There he alleged, among other things, that his prior state conviction had been declared unconstitutional by statute and that it could not be characterized as controlled substance offenses. *Id.* at 4. The motion was denied on the merits. *Id.* at doc. 13.

McRae filed the instant *habeas* petition in this court on August 4, 2015. Doc. 1, p. 5. He claims that, pursuant to *Carachuri-Rosendo v. Holder,* 130 S.Ct. 2577 (2010) and *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), the district court erroneously imposed a career offender enhancement and that his prior conviction no longer qualifies as a predicate offense for career offender status. Doc. 1, p. 5; doc. 1, att. 1, p. 3.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here McRae collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).   A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* at 830.

McRae does not satisfy the criteria set forth above. A new rule is only retroactively applicable in limited circumstances. These include "substantive, non-constitutional decisions concerning the reach of a federal statute," which are characterized by their articulation of the elements that the government must prove in order to obtain a conviction. *Garland v. Roy*, 615 F.3d 391, 396–97 (5th Cir. 2010) (internal quotations and alterations omitted). Both *Carachuri-Rosendo* and *Moncrieffe* dealt with the use of state convictions as aggravated felonies under the Immigration and Naturalization Act ("INA"). 130 S.Ct. at 2580–83; 133 S.Ct. at 1683–84. Neither case is relevant to the issue of whether McRae is actually innocent of the federal drug possession crime

of which he was convicted.[1] Accordingly, they do not qualify his case for consideration under § 2255(e).

Furthermore, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Id.* (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)).

Since McRae has not met the savings clause requirements, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

---

[1] *See Williams v. Warden USP Beaumont*, 609 Fed. App'x 269, 270–71 (5th Cir. 2015) (unpublished) (distinguishing a challenge to a predicate offense from a claim of actual innocence of the federal conviction under the savings clause).

date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    THUS DONE this 8th day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE